IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCO MERRANDO JACKSON, ) | | 8:15CV93 |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **MEMORANDUM** |
| ) | | **AND ORDER** |
| NEBRASKA DEPARTMENT OF ) | | |
| CORRECTIONS, NEBRASKA ) | | |
| DEPARTMENT OF ) | | |
| CORRECTIONS - PHARMACY, ) | | |
| SCOTT FRAKES, Director, MIKE ) | | |
| KINNEY, Director (resigned), ) | | |
| MARIO PEART, Warden, ) | | |
| MATTHEW HECKMAN, Deputy ) | | |
| Warden, DR. HUSTAD, Medical ) | | |
| Supervisor, CHERYL FLYNN, ) | | |
| Physician, CATHERINE PALLAS, ) | | |
| Physician, SHAWN LUEBBE, ) | | |
| Physician, JACK NICKOLITE, ) | | |
| Orthopedic, DR. STRASBURGER, ) | | |
| Surgeon, LARRY WAYNE, Deputy ) | | |
| Director, and CHARLIE RINE, ) | | |
| Associate Warden, ) | | |
| ) | | |
| Defendants. ) | | |

    This action was filed by Marco Merrando Jackson ("Jackson"), a *pro se* litigant incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. His claims are based on incidents that occurred while he was incarcerated with the Nebraska Department of Correctional Services ("NDCS"). Liberally construed, he asserts Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983. He seeks monetary relief from the defendants.

The court previously granted Jackson permission to proceed *in forma pauperis* in this action. The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## II. DISCUSSION

Jackson has sued the NDCS, a state agency, and state officials. Thus, the initial question presented is whether the Eleventh Amendment bars his claims. Jackson did not specify whether the NDCS officials are sued in their official or individual capacities or in both capacities. As such, the court assumes they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

The Eleventh Amendment to the United States Constitution provides states, state agencies, and state officials acting in their official capacities with immunity from suits brought by citizens of other states and from suits brought by a state's own

citizens. *See Hadley v. North Arkansas Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Jackson seeks solely monetary relief for alleged *past* violations of federal law. In addition, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Jackson's claims against the NDCS and NDCS officials sued in their official capacities are barred by the Eleventh Amendment. On the court's own motion, Jackson will be given an opportunity to file an amended complaint that states a claim for relief against a defendant who is not immune from suit.

### III. MOTION TO APPOINT COUNSEL

Jackson seeks the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

3

IT IS THEREFORE ORDERED that:

1. Jackson will have 30 days in which to file an amended complaint that states a claim for relief against a defendant who is not immune from suit. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice.

2. The clerk of the court is directed to set the following pro se case management deadline: August 5, 2015: check for amended complaint; dismiss if none filed.

3. The court will conduct further review of any amended complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.

4. Jackson's Motion for Appointment of Counsel (Filing No. 10) is denied at this time.

DATED this 6th day of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.